UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    **MEMORANDUM & ORDER**

      -against-                                                    06 CR 580 (DRH)

DAMION BATES,


-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

       On January 12, 2007, an attorney from the Federal Defenders of New York, Inc. was appointed to represent criminal defendant Damion Bates. Defendant pled guilty on July 17, 2007 to one count of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On February 15, 2008, this Court sentenced defendant to 120 months incarceration to be followed by four years supervised release.

       By application filed August 12, 2009, defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 (as amended effective Mar. 3, 2008). The Court denied defendant's motion, by Memorandum & Order dated November 18, 2009, on the grounds that defendant's sentence "was not 'based on the crack guidelines,'" but was rendered as a result of the Court's "focus[] on the other statutory sentencing factors . . . listed in § 3553(a)(1) and (2)(D)." (Mem. & Order, dated Nov. 18, 2009 at 3.) The Court concluded that "because the initial guideline range did not play a role in the sentencing process[,] . . . defendant is beyond the ambit of those intended to be benefitted by the subject amendments." (*Id.*)

       Presently before the Court is a letter application from defendant requesting that the Court "please help [him] seek some relief" under the Fair Sentencing Act of 2010, Pub. L. 111-220,

124 Stat. 2372 (2010) ("FSA").[1] (Def.'s Oct. 27, 2011 Letter.) To that end, defendant requests that the Court appoint him counsel to assist him in making a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c).[2]

The Criminal Justice Act provides, in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. §3006A(c). The Second Circuit has determined that "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and that the provision of counsel for such motions should rest in the discretion of the district court." *United States v. Cirineo*, 372 Fed. Appx. 178, 179-80 (2d Cir. 2010) (citing *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995)). Further, "[t]he apparent merits" of the motion for a sentence reduction is "a significant factor in the exercise of [a court's] discretion" to appoint counsel. *Reddick*, 53 F.3d at 465 n.3; *see also Cirineo*, 372 Fed. Appx. at 179-80 ("[W]here it was readily ascertainable from the record that [defendant] was ineligible for a reduction in sentence, the [trial] court did not abuse its discretion by denying his motion for appointment of counsel.").

---

[1] The FSA "substantially increased the amounts of crack required to trigger mandatory minimum penalties . . . ." *United States v. Rivera*, 662 F.3d 166, 176 n.10 (2d Cir. 2011); *see also* 21 U.S.C. § 841(b)(1)(A)(iii) (2011). Further, the United States Sentencing Commission promulgated Amendment 750, U.S.S.G., 2010 Supp. to App. C, Amendment 750, which was effective Nov. 1, 2010 and was given retroactive effect as of November 1, 2011. *See* U.S.S.G. § 1B1.10(c). Amendment 750 amended the base offense levels set forth in the Drug Quantity Table in Guideline § 2D1.1(c). *See* U.S.S.G. § 2D1.1(c)(7).

[2] Section 3582(c)(2) permits the Court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . to reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(2).

Here, after reviewing the record before the Court, including the rationale set forth in the November 18, 2009 Memorandum & Order, and considering the "apparent merits" of any motion that might be made pursuant to the FSA, the Court, in its discretion, declines to appoint defendant counsel for the purposes of making any further motions for a sentence reduction. Nothing in this Memorandum & Order, however, shall prohibit defendant from making any such motion *pro se*.

## CONCLUSION

For the reasons set forth above, defendant's motion is denied. The Clerk of the Court is respectfully directed to serve defendant with a copy of this Memorandum & Order.

**SO ORDERED.**

Dated: Central Islip, New York
January 3, 2012

/s/
Denis R. Hurley
United States District Judge